PER CURIAM.
Thomas Poff and Charles Randolph appeal their convictions and sentences for burglary and grand theft, claiming that the double jeopardy clause of the Florida Constitution precluded retrial where a mistrial had previously been granted. Poff additionally argues that admission of collateral crimes evidence and argument at the retrial mandates reversal.
Having reviewed the record from the initial trial, we find that double jeopardy did not bar a retrial in this case. See Gore v. State, 784 So.2d 418, 427 (Fla. 2001)(“[o]nly where the governmental conduct in question is intended to ‘goad’ the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first ... ”)(quoting Oregon v. Kennedy, 456 U.S. 667, 676, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982)); Duncan v. State, 525 So.2d 938, 941 n. 1 (Fla. 3d DCA 1988)(declining to adopt as a matter of state constitutional law a standard broader than that stated in Kennedy to determine when double jeopardy will bar retrial following a defendant’s motion for mistrial due to prosecutorial misconduct).
Following a review of the record, we find no Williams[1] rule violation.
Affirmed.

. Williams v. State, 110 So.2d 654 (Fla.1959)(precludmg similar fact evidence of other crimes, wrongs or acts relevant solely to prove bad character or propensity).